IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| | |
|---|---|
| BENNY STEWART, | CV 15–36–BU–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| TOM GREEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, et al., | |
| Respondents. | |

United States Magistrate Judge Jeremiah C. Lynch entered findings and recommendations in this matter on August 9, 2016, recommending dismissal of Petitioner Benny Stewart's ("Stewart") petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Stewart filed objections to the findings and recommendations on August 29, 2016, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a

definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

Stewart raised ten claims in his habeas petition that were addressed in detail and on the merits in Judge Lynch's findings and recommendations. Having reviewed Stewart's objections, the Court finds that he makes five specific contentions to the findings and recommendations. The Court will address each issue separately.

**I.     The proper subject matter jurisdiction over Stewart's state case.**

Stewart first objects that within his original habeas petition, "Ground 5" is clear and undisputable. Stewart alleges that his right to due process was violated when he was denied the Fifth Amendment's "guarantee of the minimum level of probable cause." (Doc. 21 at 2.) Stewart further contends that Judge Lynch's reliance on *Gerstein v. Pugh*, 420 U.S. 103 (1975) is "misplaced" and "only relates

to arrest and detention and makes no mention of subject matter jurisdiction."
(Doc. 21 at 3.) The Court does not agree. Subject matter jurisdiction involves a court's power to hear a case and it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 625 (2002). In *Gerstein*, the United States Supreme Court discusses how various states have jurisdiction over defendants and the necessary pretrial procedures used in each state to determine probable cause. *Gerstein*, 420 U.S. at 123.

Judge Lynch correctly concludes that Stewart's entire pretrial procedure was proper under Montana's Constitution and charging statutes. The Montana Second Judicial District had power over Stewart's case from the outset given that Stewart's conduct occurred within that county and he was charged under Montana statutes. Thus, what Stewart fails to understand is that his arrest and detention are incorporated within the subject matter jurisdiction of his case, and there was no impropriety in the manner in which Stewart was charged. His contention here is not in violation of the Fifth Amendment and is without merit.[1]

---

[1] Stewart filed a correction to this subject matter jurisdiction objection to add "key facts that were mistakenly omitted." (Doc. 22.) The Court will treat this as a motion to supplement his objections. However, Stewart incorrectly cites to the Federal Rules of Criminal Procedure regarding his right to waive indictment. The Federal Rules of Criminal Procedure do not apply because he was charged and convicted under Montana law; thus, the Montana Rules of Criminal Procedure apply. Consequently, his argument is without merit and the motion will be denied.

## II. The wiretap on Stewart's phone.

Here, Stewart's objection adds to his "Ground 1" claim relating to an illegal search using a wiretap. Stewart contends that the detective's use of the "recorded telephone calls reached across state line into Idaho and Wyoming which qualifies as interstate commerce." (Doc. 21 at 4.) First and foremost, Stewart was convicted under Montana law, not federal law. But, even if federal law applied, the facts here do not constitute a violation of the Fourth Amendment sufficient to grant a petition for habeas corpus. Not only were the intercepted phone calls consented to by A.S., one of the parties to the communication, the Montana Supreme Court has already accurately addressed in Stewart's state appeal that additional evidence—aside from the phone calls—overwhelmingly determined Stewart's guilt and that the wiretap was harmless error. *See* 18 U.S.C. § 2511(2)(c); *Montana v. Stewart*, 291 P.3d 1187, 1201–1203 (Mont. 2012). Therefore, under both Montana or federal law, Stewart's objections are without merit.

## III. Legality of the search warrants.

Stewart makes two contentions regarding the illegal search and seizure of his home, computers, and electronic devices: one alleging that the first search warrant was overly broad, and the second alleging the seizure of his electronically

stored data was without a warrant. (Doc. 21 at 5–7.) In regards to the first search warrant of his home, Judge Lynch is correct that under *Stone v. Powell*, 428 U.S. 465, 494 (1976), challenges to the legality of search warrants via habeas relief are barred.

But, even if this standard did not apply, Stewart's constitutional rights were not violated when the warrant stated "including but not limited to," and then listed various items and locations in his home. (Doc. 17-2 at 1–2.) A warrantless search is reasonable only if it falls within a specific exception to the Fourth Amendment's warrant requirement. *See, e.g., Horton v. California*, 496 U.S. 128 (2002) (exception to seize property when the officer observes it in plain view); *Chimel v. California*, 395 U.S. 752 (1969) (exception for search incident to lawful arrest). However, none of the exceptions apply here and Stewart's claim is without merit because the search warrant at issue stated with particularity all of the evidence that was actually seized in the search. (*Compare* Doc. 17-2 at 1–2, *with* 17-2 at 3–4.) Therefore, the search did not go beyond the scope of the warrant.

As to the second warrant at issue, Stewart's objection is more contentious. (Doc. 21 at 6.) A warrant is generally necessary to search the electronically stored data within an electronic device. Fed. R. Crim. P. 41(e)(2); *see also United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1175–1177 (9th Cir. 2010);

*Riley v. California*, 134 S. Ct. 2473, 2493 (2014). The Court is unable to find any document within the record that amounts to a warrant to search the data located within all of Stewart's electronics. However, as Judge Lynch indicates, it appears a second search warrant was sought and ultimately granted. (*See* Doc.14-36 at 5.) Furthermore, Stewart moved to continue his trial in order to receive the results of the forensic analysis of his electronics' data. (Doc. 14-2.) Thus, Stewart consented to the search of the electronically stored data and cannot now raise the argument in his request for habeas relief.

### IV. Ineffective assistance of counsel.

Stewart's fourth objection which relates to his ineffective assistance of counsel claim does not articulate any specific issue with Judge Lynch's reasoning, and instead reiterates his perception that his constitutional rights have been violated in some manner. (Doc. 21 at 7.) Thus, Stewart has not met the standards needed to prevail on an ineffective assistance of counsel claim and his objection is without merit. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### V. Additional objections to Grounds 4, 6, 7, 8, and 10.

Stewart also objects to Judge Lynch's findings on "Grounds 4, 6, 7, 8, and 10" within his habeas petition. (Doc. 21 at 7.) Again, Stewart fails to articulate any specific issue with Judge Lynch's reasoning, but alternatively requests that the

Court grant his petition on these grounds as they relate to subject matter jurisdiction. Pursuant to the Court's analysis above, Stewart's subject matter jurisdiction contention is without merit. Thus, this argument also fails.

Accordingly, the Court reviews Judge Lynch's findings and recommendations for clear error and, finding none,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 18) are ADOPTED IN FULL. Stewart's petition for writ of habeas corpus (Doc. 1) is DENIED for lack or merit.

IT IS FURTHER ORDERED that Stewart's Motion to Supplement his objections to the findings and recommendations (Doc. 22) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by separate document a judgment of DISMISSAL.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 19th day of September, 2016.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court