IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BENNY STEWART, | Cause No. CV 15-36-BU-DLC |
| Petitioner, | |
| vs. | |
| TOM GREEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | ORDER |
| Respondent. | |

On August 9, 2016, Magistrate Judge Lynch entered Findings and

Recommendations advising the Court that Stewart's petition for habeas corpus

relief, filed pursuant to 28 U.S.C. § 2254, should be denied for lack of merit.  (Doc.

18.)  On September 19, 2016,  the Findings and Recommendations were adopted in

full.  (Doc. 24.)  Stewart's petition was denied on the merits and a Certificate of

Appealability was also denied.  (*Id*.)  Stewart timely appealed.  (Doc. 26.)

On March 20, 2017, the Ninth Circuit denied the request for a Certificate of

Appealability.  (Doc. 28.)  Stewart then filed a petition for a writ of certiorari with

the United States Supreme Court.  (Doc. 29.)  On October 5, 2017, Stewart's

petition was denied, as was his subsequent petition for rehearing.  (Docs. 30 & 31.)

On May 22, 2023, Stewart filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  (Doc 32).  Stewart alleges that this Court erred when it considered documents outside of the state court record, specifically the Application for Search Warrant, Search Warrant, and Search Warrant return, when resolving the corresponding claims in his Section 2254 petition.  (*Id*. at 2-4.) Stewart seems to allege that consideration of these documents violated his right to due process and simultaneously undermined the public's confidence in the judicial process.  (*Id*. at 3-4.)

Rule 60(b) provides relief from final judgment based on a mistake, newly discovered evidence, fraud, a void judgment, a discharged judgment, or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(6).  Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 99th Cir. 2000)(quotation omitted).  A motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F. 3d 1041, 1046 (9th Cir. 2003).

Rule 60(b) provides relief from the judgment in several narrow circumstances, including "mistake," "newly discovered evidence," or "any other reason that justifies relief." Fed. R. Civ P. 60(b)(1)(2), (6). Stewart seems to allege that the Court's consideration of the search warrant and associated documents falls under subsection 6 of the statute and compromises "any other reason that justifies relief."

As a preliminary matter, this Court is authorized to consider and take judicial notice of filings and orders entered in other courts. *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)( proceedings, including orders and filings in other courts, including state courts, are the proper subject of judicial notice when directly related to the case at issue). Because Stewart challenged the legality of the search warrant issued in his case, it was appropriate for this Court to consider the scope of the warrant.

As to the warrant issued regarding the search of his home and seizure of computers and electronic devices, it was noted that under the doctrine of *Stone v. Powell*, 428 U.S. 465, 494 (1976), Stewart could not challenge the legality of the warrant via federal habeas corpus. (See Doc. 24 at 4-5.) This Court also observed that even if preclusion under *Stone v. Powell* did not apply, Stewart's claim was without merit because the warrant stated with particularity all of the evidence that was actually seized. Accordingly, the search did not go beyond the scope of the

warrant.  (*Id*. at 5.)  Under either analysis, Stewart was not entitled to relief and this Court did not violate Stewart's constitutional rights by reviewing the very document he sought to challenge.

In relation to the second warrant, it was noted that there was no document in the record before this Court that provided for a search of electronically stored data within an electronic device.  (*Id*. at 5-6.)  But a review of corresponding documents revealed that a second search warrant was sought and granted.  Additionally, Stewart filed a motion to continue his trial in order to receive the forensic analysis of his electronics' data.  (*Id*. at 6)(*citing* Doc. 14-2.)  Because Stewart consented to the search of electronically stored data, he was unable to raise a challenge to the same via a request for habeas relief.

In short, Stewart presents no evidence of mistake, newly discovered evidence, or other grounds to support reconsideration of the Court's prior Order. Rather he seeks to rehash arguments he previously presented to the Court.

While Stewart clearly disagrees with this Court's prior Order, that is not a valid basis for reconsideration.  Rule 60 does not provide a vehicle permitting unsuccessful claims to be considered anew. Stewart has not demonstrated that he is entitled to reconsideration, nor has he set forth facts or law of a strongly convincing nature to compel reversal.  *See Decker Coal Co. V. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988).  The motion will be denied because Stewart

repeats arguments already made and has not provided one of the permissible

grounds to support his reconsideration request relative to his search warrant

challenge and/or due process claims. *Maraziti v. Thorpe*, 52 F. 3d 252, 255 (9th

Cir. 1995)(holding that a Rule 60(b) motion was properly denied because the

plaintiff merely reiterated the arguments he already presented).

Stewart does not present any newly discovered or previously unavailable

evidence, nor does he supply new facts. Stewart does not justify his request for

reconsideration by pointing to an intervening change in controlling law. Finally,

he has failed to demonstrate that the Court committed clear error in its prior ruling.

Accordingly, Stewart has failed to surmount the high standard for the Court to

amend its prior Order. The motion for relief from judgement will be denied.

This Court previously denied Stewart a Certificate of Appealability (COA).

(Doc. 24.) For the reasons set forth herein, the Court concludes that Stewart has

failed to make a showing, let alone a substantial showing, of the denial of his

constitutional rights. Accordingly, to the extent that Stewart seeks one, the Court

will not entertain a renewed request for a COA. If Stewart wishes to appeal, he

must file a notice of appeal within 30 days after entry of this Order and must seek a

COA from the Ninth Circuit Court of Appeals in accordance with Federal Rule of

Appellate Procedure 22(b)(2).

//

Accordingly, IT IS HEREBY ORDERED that Stewart's Rule 60 Motion for

Relief (Doc. 32) is DENIED.  To the extent one is sought, the request for a

Certificate of Appealability is also DENIED.

DATED this 7th day of August, 2023.

/s/ Dana L. Christensen
Dana L. Christensen
United States District Court Judge
