IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| BENNY STEWART,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>TOM GREEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　Respondent. | Cause No. CV 15-36-BU-DLC<br><br>ORDER |

On February 18, 2025, Petitioner Benny Stewart ("Stewart") filed this motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). (Doc. 40.) He now argues that the sentence he is presently serving is void as the state district court presiding over his underlying criminal matter lacked both personal and subject matter jurisdiction. (*Id*. at 1-2.) He also argues this Court erred by summarily dismissing his underlying Section 2254 petition. (*Id*. at 2.) This Court has previously addressed a similar Rule 60 motion in this matter.

On August 9, 2016, Magistrate Judge Lynch entered Findings and Recommendations recommending denial of Stewart's petition. (Doc. 18.) On September 19, 2016, the Findings and Recommendations were adopted in full. (Doc. 24.) Stewart's petition was denied, as was as a Certificate of Appealability. (*Id*.) Stewart timely appealed. (Doc. 26.)

1

On March 20, 2017, the Ninth Circuit denied the request for a Certificate of Appealability. (Doc. 28.) Stewart then filed a petition for a writ of certiorari with the United States Supreme Court. (Doc. 29.) On October 5, 2017, Stewart's petition was denied, as was his subsequent petition for rehearing. (Docs. 30 & 31.)

On May 22, 2023, Stewart filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc 32). Stewart alleged that this Court erred when it considered documents outside of the state court record, specifically the Application for Search Warrant, Search Warrant, and Search Warrant return, when resolving the corresponding claims in his Section 2254 petition. (*Id*. at 2-4.) Stewart alleged that consideration of these documents violated his right to due process and simultaneously undermined the public's confidence in the judicial process. (*Id*. at 3-4.) This Court considered Stewart's arguments and ultimately determined he presented no evidence of mistake, newly discovered evidence, or other grounds to support reconsideration of the prior Order. (Doc. 34 at 3-4.) In short, Stewart failed to provide one of the permissible grounds supporting his reconsideration request and merely reiterated arguments previously presented. (*Id*. at 4.) The motion was denied, as was a certificate of appealability. (*Id*. at 5-6.)

Stewart appealed. (Doc. 35.) The Court of Appeals denied Stewart a certificate of appealability. (Doc. 37.) Stewart then filed a petition for a writ of

2

certiorari with the United States Supreme Court. (Doc. 38.) On June 16, 2024, Stewart's petition was denied. (Doc. 39.)

The Court must question first whether Stewart's filing truly constitutes a Rule 60(b) motion or whether it is a disguised 28 U.S.C. § 2254 petition. "Habeas corpus petitioner cannot 'utilize a Rule 60(b) motion to make an end-run around the requirements of [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F. 3d 825, 833 (9th Cir. 2013)(*quoting Calderon v. Thompson*, 523 U.S. 538, 547 (1998)). A legitimate Rule 60(b) motion "attacks …some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). A second or successive petition is a filing that contains one or more claims asserted as the basis for relief from a state court's judgment of conviction." *Id*. "[A] motion that does not attack 'the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably' raises a claim that takes it outside the bounds of Rule 60(b) and within the scope of AEDPA's limitations on second or successive habeas corpus petitions." *Jones*, 733 F 3d at 834 (*quoting Gonzalez*, 545 U.S. at 532, n. 5). Such a motion "although labeled as a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531.

3

Stewart's Rule 60(b) motion is a disguised § 2254 petition. Although he alleges this Court initially erred by summarily dismissing his petition and not providing him with an evidentiary hearing, (Doc. 40 at 1, 9), the crux of his present allegations surround the purported lack of jurisdiction in the state court proceedings. *See generally*, (Doc. 40). Stewart argues that the jury verdict was void due to a lack of jurisdiction in Montana's Second Judicial District Court, as improper pleading procedures were utilized to file the criminal charges against him. (*Id.* at 3-9.) Stewart again seeks to challenge the wiretap and search warrants used in the criminal case. (*Id.* at 4-7; 10-14.) Stewart essentially seeks a second, or rather third, bite at the apple in an effort "to have the merits determined favorably." *Jones*, 733 F. 3d at 834 (quotations omitted). Accordingly, his filing constitutes a successive petition under 28 U.S.C. § 2244(b)(3)(A).

This Court lacks jurisdiction to hear a successive petition, challenging Stewart's 2011 judgment of conviction, unless Stewart first obtains authorization from the Court of Appeals to file a second habeas petition in this Court. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). To the extent Stewart intends to make any new arguments in his present petition, he may attempt to present those arguments to the Court of Appeals. As it stands, his present petition is an unauthorized second/successive petition and must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 149.

This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). Stewart is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Until Stewart obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Stewart has also presented his same arguments in a motion for summary judgment. (Doc. 42.) As an initial matter, Stewart's filing does not comply with D. Mont. L.R. 56.1. Moreover, this case is closed; seeking summary judgment at this stage is an inappropriate and unavailable remedy. The motion will be dismissed.

This Court has previously denied Stewart Certificates of Appealability (COA).  *See*, (Docs. 24 & 34.)  For the reasons set forth herein, the Court concludes that Stewart has failed to make a showing, let alone a substantial showing, of the denial of his constitutional rights.  Accordingly, to the extent that Stewart seeks one, the Court will not entertain a renewed request for a COA.  If Stewart wishes to appeal, he must file a notice of appeal within 30 days after entry of this Order and must seek a COA from the Ninth Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 22(b)(2).

Based upon the foregoing, the Court enters the following:

**ORDER**

1. Stewart's Rule 60(b) Motion (Doc. 40) is **DENIED and DISMISSED** for lack of jurisdiction as a disguised/unauthorized second or successive § 2254 petition.  Absent leave from the Ninth Circuit, Stewart should refrain from making further challenges to his 2011 conviction in this closed case.

2. Stewart's Motion for Summary Judgment (Doc. 42) is **DISMISSED**.

3. A certificate of appealability is **DENIED**.

DATED this 21st day of March, 2025.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge