IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

BENNY STEWART,

        Petitioner,

vs.

TOM GREEN, ATTORNEY
GENERAL OF THE STATE OF
MONTANA,

        Respondent.

Cause No. CV 15-36-BU-DLC

ORDER

This matter is before the Court on a motion to set aside the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4).  (Doc. 46.)  A year ago, this Court previously set forth the lengthy procedural history of this matter and addressed a similar Rule 60 motion filed by Stewart.  *See*, (Doc. 43.)

There, it was determined that Stewart's Rule 60(b) motion was actually a disguised § 2254 petition.  Stewart was essentially seeking a third bite at the apple in an effort to have the merits determined favorably in his favor.  Accordingly, his filing constituted a successive petition under 28 U.S.C. § 2244(b)(3)(A).  The

1

motion was dismissed, and Stewart was advised that unless he obtained leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacked jurisdiction to hear his claims. (*Id*. at 4-6.)

Stewart renews his argument that the summary dismissal of the underlying Section 2254 petition was in error. (Doc. 46 at 1-2.) This Court previously considered the argument Stewart attempts to again advance. Moreover, Stewart has had multiple chances at review.

Stewart's habeas petition was denied in September of 2016. Stewart appealed; the Ninth Circuit denied Stewart a request for a Certificate of Appealability. (Doc. 28.) On October 5, 2017, Stewart's petition for writ of certiorari was denied by the United States Supreme Court, as was his subsequent petition for rehearing. *See*, (Docs. 30 & 31.)

On May 22, 2023, Stewart filed his first motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc 32). This Court considered Stewart's arguments and ultimately determined he presented no evidence of mistake, newly discovered evidence, or other grounds to support reconsideration of the prior Order. (Doc. 34 at 3-4.) The motion and a certificate of appealability were both denied. (*Id*. at 5-6.)

Stewart appealed. (Doc. 35.) The Court of Appeals denied Stewart a certificate of appealability. (Doc. 37.) Stewart then filed a petition for a writ of

certiorari with the United States Supreme Court.  (Doc. 38.)  On June 16, 2024, Stewart's petition was denied.  (Doc. 39.)

As set forth above, Stewart then filed a second Rule 60 motion, which this Court denied, finding it to be a disguised successive habeas petition.  (Docs. 40 & 43.)  Stewart filed a motion for summary judgment, which was also denied.  *See*, (Docs. 42 & 43.)

Rule 60(b)(4) allows the Court to grant relief from a final judgment if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  Stewart contends that this Court erred in summarily dismissing his petition.  As set forth above, Stewart's various challenges, including the present one, have been considered and rejected. Moreover, even if Stewart's present motion had merit, "a judgment is not void merely because it is erroneous."  *In re Center Wholesale, Inc.*, 759 F. 2d 1440, 1448 (9th Cir. 1985).  A judgment is void for purposes of Rule 60(b)(4) "only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law."  *United States v. Berke*, 170 F. 3d 882, 883 (9th Cir. 1999). Stewart's motion does not meet this standard.

This Court has previously denied Stewart certificates of appealability.  *See*, (Docs. 24, 34, and 43.)  For the reasons set forth herein, the Court concludes that Stewart has failed to make a showing, let alone a substantial showing, of the denial

of his constitutional rights.  Accordingly, to the extent that Stewart seeks one, the Court will not entertain a renewed request for a COA.  If Stewart wishes to appeal, he must file a notice of appeal within 30 days after entry of this Order and must seek a COA from the Ninth Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 22(b)(2).

Based upon the foregoing, the Court enters the following:

## ORDER

1.  Stewart's Rule 60 Motion (Doc. 46) is **DENIED and DISMISSED.** Absent leave from the Ninth Circuit, Stewart should refrain from making further challenges to his 2011 conviction in this closed case.

2.  A certificate of appealability is **DENIED**.

DATED this18th day of March, 2026.

_/s/ Dana L. Christensen_
Dana L. Christensen
United States District Court Judge

4